IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:16CR108 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN CALMES, | ) | PROPOSED PROTECTIVE ORDER |
| | ) | REGARDING GOVERNMENT'S |
| Defendant. | ) | DISCLOSURE OF DISCOVERY |

This matter is before the Court upon the application of the United States of America, pursuant to Criminal Rule of Procedure 16(d)(1) and 18 U.S.C. § 3509(d), for a Protective Order to restrict the access of the defendant herein to certain discovery materials and to protect the child victim in this case. The Court finds and Orders as follows:

1. There is reasonable cause to believe, based upon information believed to be reliable, that the dissemination of certain discovery, including, but not limited to an affidavit in support of a search warrant, law enforcement investigative reports, interview reports and computer forensic reports that contain chat logs, may jeopardize the safety and personal information of the victims and witnesses and impede the due administration of justice.

2. The discovery in this matter is subject to the confidentiality provisions of 18 U.S.C. § 3509(d).

3. That counsel for the Government clearly identify to defense counsel those discovery materials that it deems in need of protection. Such materials shall be clearly marked, "Protected Material." If a compact disc, DVD, hard drive or thumb drive is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc, DVD, hard drive

or thumb drive. If discovery is produced on USAfx, and a folder is marked "Protected Material," the term "Protected Material" applies to the entire contents of the folder.

4. That the information provided in discovery be used only to represent the individual client in the above-captioned matter. It may not be provided to, shared with, or shown to anyone for any other purpose; no electronic copies may be made of the discovery material; no personal identifiers, including any names or other information concerning a person under the age of 18 who is a victim or witness, may be shared with the defendant or anyone else.

5. The attorney for the defendant shall keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and disclose such documents or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

6. The attorney for the defendant herein be personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

7. All papers filed in the court that disclose the name of or any other information concerning a child shall be filed under seal without the necessity of obtaining a court order, and that the person who makes the filing shall submit to the clerk of court the complete paper to be kept under seal; and the paper with portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

8. Violation of any provision in this Protective Order may be punished as Contempt of Court.

s/James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE